UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No.: | 2:24-cv-07341-AB-MAR | Date: | November 20, 2024 |
|---|---|---|---|

| Title: | *Carlos Munoz v. Caliber Holdings of California, LLC, et al.* |
|---|---|

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER **GRANTING** MOTION TO REMAND [Dkt. No. 16]

Before the Court is Plaintiff Carlos Munoz's ("Plaintiff") Motion to Remand ("Motion," Dkt. No. 15). Defendant Caliber Holdings of California, LLC ("Defendant Caliber") filed an opposition ("Opp."), and Plaintiff filed a reply. (Dkt. Nos. 23, 24.) The Court finds this matter appropriate for decision without oral argument and **VACATES** the hearing set for November 22, 2024. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, Plaintiffs' Motion is **GRANTED**.

I.   **BACKGROUND**

Plaintiff, a citizen of California, filed this complaint in the Los Angeles Superior Court against Defendant Caliber, a citizen of Texas and Delaware, and Defendant Bryan Smith, a citizen of California, alleging various employment-related claims, including wrongful termination and whistleblower retaliation. (Mot. 5:1-10.) On August 28, 2024, Defendant Caliber removed this matter to this Court based on diversity jurisdiction, alleging that Defendant Smith does not destroy complete diversity because he is a "sham" defendant. (Mot. 5:11-19.)

Plaintiff now moves to remand the action, arguing that Defendant Smith is a citizen of California, and therefore there is not complete diversity. Defendant Caliber opposes, arguing that Defendant Smith is a fraudulently joined sham defendant whose California citizenship must be disregarded for purposes of determining whether complete diversity of citizenship exists.

There is no dispute that the amount in controversy is satisfied. The only issue is whether Defendant Smith was fraudulently joined.

## II. LEGAL STANDARD

### A. Removal Jurisdiction

28 U.S.C. § 1441(a) ("Section 1441") provides that a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1332 ("Section 1332") provides that a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." Section 1332(a)(1) requires complete diversity, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Section 1441(b)(2) further limits removal based on diversity jurisdiction to cases where no defendant "properly joined and served ... is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *Martinez v. Los Angeles World Airports*, 2014 WL 6851440, at *2 (C.D. Cal. Dec. 2, 2014). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### B. Fraudulent Joinder

A non-diverse party may be disregarded for purposes of determining whether jurisdiction exists if the court determines that the party's joinder was

"fraudulent" or a "sham." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.' " *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (internal citation omitted).

"Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (citing Moore's Federal Practice (1986) ¶ O.161). In practice, the burden of proving fraudulent joinder is a heavy one, *Gaus*, 980 F.2d at 566, as the defendant must prove fraudulent joinder by clear and convincing evidence. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir.1998)).

Courts have characterized a defendant's heavy burden as reflecting a presumption against fraudulent joinder that a defendant can overcome only by establishing the following. First, the removing party must prove there is "no possibility that plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). "[M]erely showing that an action is likely to be dismissed against that defendant does not demonstrate fraudulent joinder." *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Lieberman v. Meshkin, Mazandarani*, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). Second, it must appear to "a near certainty" that joinder was fraudulent. *Lewis v. Time, Inc.*, 83 F.R.D. 455, 466 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983). Finally, the court must resolve disputed questions of fact and all ambiguities in state law in favor of the plaintiffs. *Bravo v. Foremost Insurance Group*, 1994 WL 570643 at * 2 (N.D. Cal. Oct. 11, 1994). It therefore follows that the defendant "must show that the relevant state law is so well settled that plaintiff 'would not be afforded leave to amend his complaint to cure th[e] purported deficiency.' " *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1063 (C.D. Cal. 2012) (quoting *Burris v. AT & T Wireless, Inc.*, No. 06–02904 JSW, 2006 WL 2038040, *2 (N.D. Cal. Jul. 19, 2006).

Thus, "[r]emand must be granted unless the defendant shows that the

plaintiff 'would not be afforded leave to amend his complaint to cure [any] purported deficiency.' " *Padilla v. AT & T Corp.*, 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009); *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002) ("If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand."). "Merely a 'glimmer of hope' that plaintiff can establish [a] claim is sufficient to preclude application of [the] fraudulent joinder doctrine." *Gonzalez v. J.S. Paluch Co.*, 2013 WL 100210, at *4 (C.D. Cal. Jan. 7, 2013) (internal quotations omitted); accord *Ballesteros v. American Standard Ins. Co. of Wisconsin*, 436 F. Supp. 2d 1070, 1072 (D. Ariz. 2006) (same) (citing *Mayes v. Rapoport*, 198 F.3d 457, 463-64 (4th Cir. 1999); see also *Warner v. Select Portfolio Servicing*, 193 F. Supp. 3d 1132, 1136 (C.D. Cal. 2016) (aptly summarizing the "immense burden" removing defendants must satisfy to establish fraudulent joinder). Finally, "[in] considering the validity of plaintiff's claims, 'the [c]ourt need only determine whether the claim seems valid' which is not the same as the standard in either a motion to dismiss or a motion for summary judgment." *Sabag v. FCA US, LLC*, No. 16-cv-06639-CAS, 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016) (quoting *Freeman v. Cardinal Health Pharm. Servs., LLC*, No. 14-cv-01994-JAM, 2015 WL 2006183, at *3 (E.D. Cal. 2015)).

### III.   DISCUSSION

The only cause of action Plaintiff is pursing against Defendant Smith is for whistleblower retaliation, *Labor Code* § 1102.5. (Dkt. No. 1-1) Defendant argues that Plaintiff is unable to establish a claim against Defendant Smith for whistleblower retaliation because there is no possibility of recovery against Defendant Smith because, as a matter of law, *Labor Code* § 1102.5 does not permit individual liability. (Opp. 8:4-9:16.) In his Reply, Plaintiff argues that, at this stage, Defendant has not met its heavy burden to establish fraudulent joinder, and, because the question of individual liability under section 1102.5 remains unsettled, any doubts regarding the validity of the removal must be resolved in favor of remand. (Reply 4:7-6:14.)

Historically, courts have consistently held that section 1102.5 precludes individual liability. *See Vierria v. California Highway Patrol*, 644 F.Supp.2d 1219, 1244 (E.D. Cal. 2009) ("The relevant portions of the statute clearly indicate that [1102.5] is meant to establish prohibited activity by employers, rather than individuals."). However, the statute was revised, effective January 1, 2014, to state "[a]n employer or any person acting on behalf of the employer ...." Cal. Lab.Code § 1102.5 (emphasis added). Consequently, other courts have determined that there

is, at the very least, ambiguity as to whether § 1102.5 permits individual liability—an uncertainty that ought to be resolved in favor of Plaintiff. *See, e.g., Lewis v. Wells Fargo Bank, N.A.*, No. LA CV 16–7377 PA (RAOx), 2016 WL 7107760, at *2–3 (C.D. Cal. Dec. 5, 2016) ("Whether individuals can be liable under this statute as amended has not yet been determined by California state courts.... Therefore, Wells Fargo has not demonstrated that Roszkos was fraudulently joined, and the Court will not ignore his citizenship for purposes of evaluating whether diversity jurisdiction exists."); *De La Torre v. Progress Rail Servs. Corp.*, No. CV 15–4526 FMO (GJSx), 2015 WL 4607730, at *4 (C.D. Cal. July 31, 2015) ("[T]he court finds the statute ambiguous on the issue of individual liability.... However, the court need to not resolve this issue—that is, decide whether there is individual liability for violations of § 1102.5—given that all material ambiguities in state law are construed in plaintiff's favor when assessing a sham defendant claim in connection with removal.").

Recently, in the Central District, the Court in *Dawson v. Careguard Warranty Serv., Inc.* closely examined individual liability under § 1102.5, focusing on the impact of a 2013 statutory amendment. No. 5:23-CV-01139-SB-SP, 2024 WL 661198 (C.D. Cal. Jan. 12, 2024). The Court explained, "[n]either the California Supreme Court nor any intermediate appellate court appears to have considered whether the 2013 amendment expands liability for violations of § 1102.5 to permit claims for money damages against individual non-employers." *Id*. at *1. Thus, in *Dawson*, the Court granted summary judgment for the defendant, concluding—like most district courts addressing merits challenges under Rule 12(b)(6)—that § 1102.5 does not authorize a whistleblower to recover money damages from a non-employer individual. *Id*. at *6; see also id. at *2 ("The overwhelming majority of district courts addressing the merits have found that even after the amendment, § 1102.5 does not impose individual liability on non-employers.").

However, the *Dawson* Court also recognized that in the context of motions to remand, district courts had "largely reached consensus" that there was enough uncertainty on this question to warrant remand. *Id*. at *1 ("[M]ore than a dozen courts considering motions to remand based on fraudulent joinder of individual defendants have determined that state law is unsettled following the 2013 amendment, such that 'as a matter of state law, it is not obvious whether a defendant can or cannot be found personally liable under § 1102.5.' ") (quoting *Moren v. Nat'l Express Transit, Inc.*, No. 1:21-CV-01206, 2021 WL 5602820, at *2 (E.D. Cal. Nov. 30, 2021) (collecting cases). As such, the Court stated that "[r]emand in this circumstance is reasonable." *Id*.

Even further, just last month, the same Court remanded a similar case, which pled individual employee liability in an § 1102.5 case, because "there remains uncertainty as to whether state courts would agree" that the best reading of § 1102.5 is that it does not permit individual liability. *Rubio v. Ritz-Carlton Hotel Company, LLC*, No. 2:24-CV-08042-SB-AS, 2024 WL 4556977 (C.D. Cal. Oct. 22, 2024), * 2.

Because any doubt regarding the propriety of removal is resolved in favor of remand, remand in this circumstance is reasonable to allow the state court to resolve the question of individual liability. *See Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (noting federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance).

The Court therefore finds that Defendant has not met its "immense burden" of showing to "a near certainty" that there is "no possibility" that Plaintiff will be able to establish a cause of action in State court against Defendant Smith. Given the existing allegations supporting his claims of retaliation, there is at least a "glimmer of hope" that Plaintiff can establish a claim against Defendant Smith. Moreover, Defendant has not shown that Plaintiff would not be afforded leave to amend his Complaint to cure any pleading deficiencies. *See Mireles*, 845 F. Supp. 2d at 1063.

Because Defendant has not established that Defendant Smith was fraudulently joined, his citizenship must be considered. As Plaintiff and Defendant Smith are both citizens of California, complete diversity does not exist, and the Court lacks subject matter jurisdiction.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **GRANTED**. This action is hereby **REMANDED** to the Los Angeles Superior Court.

**IT IS SO ORDERED**.